**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT L. DAVIS,**

      **Plaintiff,**

**vs.**                                 **Case No. 4:10cv150-MP/WCS**

**WALTER A. McNEIL, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, filed an *in forma pauperis* motion, doc. 2,

and a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. The Prison Litigation

Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a

prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained
> in any facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or fails to
> state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had three or more prior prisoner actions dismissed in the Middle District of Florida on the grounds that they were frivolous, malicious, or failed to state a claim. The dismissed cases include case number 99-1048, dismissed on May 23, 1999, for failing to state a claim as Plaintiff's claims were barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). On January 29, 1996, Plaintiff had case number 8:95cv661 dismissed for failure to state a claim and lack of subject matter jurisdiction. Plaintiff appealed that dismissal and the Eleventh Circuit dismissed his appeal as frivolous. Thus, pursuant to § 1915(g), Plaintiff is barred from being granted *in forma pauperis* unless he is in danger of serious physical injury.

The complaint has been reviewed to determine whether Plaintiff can be permitted to proceed as permitted under 28 U.S.C. § 1915(g). Plaintiff's allegations assert that Plaintiff received a disciplinary report for violating a Department of Corrections' rule, which is unidentified in the allegations, and for which Plaintiff was found guilty, lost gain time, and was held in disciplinary confinement. Doc. 1. Plaintiff contends he did not violate the rule and also asserts that Defendant Walter McNeil failed to remedy Plaintiff's situation when it was brought to his attention through a grievance. *Id.* Plaintiff also alleges that Defendant Bill McCollum, Florida Attorney General, was notified in April of 2007 that FLA. STAT. § 57.085[1] was unconstitutional, but Plaintiff alleges he failed to "remedy the violation" and condoned the statute.[2] Doc. 1, pp. 7-8. As relief,

---

[1] The statute cited by Plaintiff concerns the deferral of prepayment of court costs and fees for indigent prisoners

[2] Plaintiff claims Defendant McCollum "allowed Plaintiff to be burdened, detering Plaintiff's access to the courts with a filing fee . . . ." Doc. 1, p. 8.

Plaintiff wants the disciplinary report "terminated," and to have $700 returned to him for the filing fees, and reimbursement of all litigation costs. *Id.*, at 9.

Plaintiff's claims do not bring him within the "imminent danger of serious physical injury" exception. Therefore, Plaintiff must pay the entire filing fee should he desire to refile his claim. Should Plaintiff decide to do so, the following is provided.

Plaintiff cannot proceed with his claim concerning the disciplinary report issued by Defendant Hasty, and the failure to overturn the disciplinary report by Defendant McNeil. A claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck v. Humphrey, *supra*. To recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus. Id.* Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen. *Id.*

Heck has been extended and made explicitly applicable in the prison disciplinary setting. Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In Edwards v. Balisok, the Supreme Court held that a "conviction" includes a finding of guilty in a prison disciplinary proceeding that results in a loss of gaintime, thus, affecting an inmate's period of incarceration. 117 S. Ct. at 1589. Therefore, based on Heck, the Court concluded that a claim for money damages resulting from defects in a prison disciplinary hearing which resulted in the loss of gaintime credits is not cognizable under § 1983. Plaintiff's claims here, if proven, would "necessarily imply the invalidity" of his

term of imprisonment and, thus, are not cognizable under § 1983. <u>Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). Therefore, Plaintiff must delete his claims against Defendants Hasty and McNeil.

Plaintiff's allegations do not bring him within the "imminent danger" exception. Therefore, because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, his request to proceed *in forma pauperis* should be denied and this action should be dismissed. The dismissal should be without prejudice to him making the same allegations in a complaint for which he pays the full $350.00 filing fee at the time of filing the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and Plaintiff's complaint, doc. 1, be **DISMISSED** without prejudice, and the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on May 4, 2010.


 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**